IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: IVY TY LANDRY, | ) | CHAPTER 13 |
| | ) | |
| Debtor, | ) | CASE NO. 19-62147-LRC |

| | | |
|---|---|---|
| TITLEMAX OF GEORGIA, INC., | ) | |
| | ) | |
| Movant, | ) | JUDGE RITCHEY CRAIG |
| | ) | |
| vs. | ) | CONTESTED MATTER |
| | ) | |
| IVY TY LANDRY | ) | |
| and MELISSA J. DAVEY, Trustee, | ) | |
| | ) | |
| Respondents. | ) | |

**MOTION FOR RELIEF FROM AUTOMATIC STAY**

COMES NOW TITLEMAX OF GEORGIA, INC. ("Movant") and hereby requests relief from the automatic stay pursuant to Fed. R. Bankr. P. 4001(a)(1), showing the Court as follows:

1.

On July 5, 2019, Ivy Ty Landry ("Debtor") and Movant entered into a 30-day pawn transaction under Georgia law in which the Debtor exchanged a Certificate of Title to a 2007 Chevrolet Corvette (the "Vehicle") to Movant in exchange for a refinanced loan in the amount of Nine Thousand Nine Hundred Eighty-Three and 26/100 Dollars ($9,983.26) (the "Pawn Transaction"). A true and accurate copy of the Pawn Transaction and the associated Certificate of Title are attached hereto as Exhibit A.

2.

The Pawn Transaction matured and came due in full on August 4, 2019 (the "Maturity Date"). Debtor failed to pay Movant by the Maturity Date. Pursuant to O.C.G.A. § 44-14-

403(b)(3), Debtor had a 30-day period (until September 3, 2019) to redeem the Vehicle by paying the balance due in full. Debtor failed to make any payments and instead filed Debtor's bankruptcy petition on August 5, 2019. The total amount due Movant as of the date of the filing of the bankruptcy petition was Ten Thousand Eight Hundred Eighty and 76/100 Dollars ($10,880.76). *See* Complete Payment History attached hereto as Exhibit B and incorporated herein by reference.

3.

Pursuant to 11 U.S.C. § 108(b), the Bankruptcy Code extended Debtor's state-law redemption period an additional 60 days from the date of Debtor's petition, giving Debtor until October 4, 2019 to redeem the Vehicle by tendering payment in full. Debtor has failed to make any attempt to redeem the Vehicle to date. Because Debtor failed to pay pursuant to the express terms of the contract or during any applicable statutory grace or redemption period, all ownership interest of the Debtor in the Vehicle has been extinguished.

4.

A debtor's ownership interest in an item of property pledged in a pawn transaction is forfeited if it is not timely paid or redeemed. Pledged goods may be redeemed by the pledgor only by *full payment* of any unpaid fees and charges, the repayment of the principal, and the payment of the additional interest. Pledged goods not redeemed shall be immediately forfeited to the pawnbroker by operation of law and any ownership interest of the pledgor in the pledged item shall be automatically extinguished. O.C.G.A. § 44-14-403(b)(3); *TitleMax v. Northington*, 876 F.3d 1302 (11th Cir. 2017).

5.

When a debtor fails to redeem the pledged property prior to the expiration of the 60-day redemption period, the pledged property is no longer property of the bankruptcy estate as defined in 11 U.S.C. § 541 and is no longer property within the bankruptcy court's vested jurisdiction. "A

chapter 13 plan may not provide for disposition of property which is not property of the estate as defined in 11 U.S.C. § 541 and the fact of plan confirmation cannot bind a property owner to a plan provision disposing of his property rights when such property is not within the Court's vested jurisdiction" *In re Howard*, 507 B.R. 394 (Bankr. N.D. Ga., 2014); *TitleMax v. Northington*, 876 F.3d 1302 (11th Cir. 2017).

6.

In this case, Debtor was entitled to a 60-day redemption period pursuant to 11 U.S.C. § 108(b). Debtor failed to make any attempt to redeem the pledged property prior to expiration of that redemption period, however, and thus all ownership interest of the Debtor in the pledged property has been extinguished and the Vehicle is no longer a part of the bankruptcy estate.

7.

Despite the fact that ownership of the Vehicle has vested in Movant by operation of law, Debtor nevertheless remains in possession of the Vehicle.

8.

Movant is the de facto owner of the Vehicle and is thus entitled relief from the automatic stay to repossess said collateral.

WHEREFORE, Movant prays that the Court enter an Order:

(a)   Granting this Motion;

(b)   Terminating the stay imposed by 11 U.S.C. § 362 and Fed. R. Bankr. P. 4001(a)(3) so that TitleMax of Georgia, Inc. may exercise all rights and remedies against the Vehicle under the agreement, including but not limited to repossession; and

(c)   Granting TitleMax of Georgia, Inc. such other and further relief the Court deems just and proper.

Respectfully submitted this 1st day of November, 2019.

                                                     THE BOWEN LAW GROUP

                                                     /s/ Charles J. Bowen
                                                     CHARLES J. BOWEN
                                                     Georgia State Bar No. 071115
                                                     *Attorney for Movant*

7 East Congress Street
Suite 1001
Savannah, GA  31401
(912) 544-2050
(912) 544-2070 (fax)
*cbowen@thebowenlawgroup.com*

# EXHIBIT A

## PAWN TRANSACTION DISCLOSURE STATEMENT AND SECURITY AGREEMENT

**THIS PAWN TRANSACTION DISCLOSURE STATEMENT AND SECURITY AGREEMENT CONTAINS A WAIVER OF JURY TRIAL AND ARBITRATION CLAUSE (THE "*CLAUSE*"). UNLESS YOU OPT OUT OF THE CLAUSE, IT WILL SUBSTANTIALLY IMPACT YOUR RIGHTS IF YOU HAVE A DISPUTE WITH PAWNBROKER, INCLUDING YOUR RIGHT TO TAKE PART IN A CLASS ACTION.**

| Original Account #: 9392 | Account #: 9582 | Pawn Ticket #: 1093168 | Pawn Date: 07/05/2019 | Pawn Time: 6:27 PM | Maturity Date: 08/04/2019 |
|---|---|---|---|---|---|
| **Pawnbroker:** TitleMax of Georgia, Inc. d/b/a TITLEMAX 2028 SCENIC HWY SNELLVILLE, GA 30078 (678) 344-0310 **Hours of Operation:** Monday to Friday 9 a.m. to 7 p.m., Saturday 10 a.m. to 2 p.m., Closed Sunday | | **Vehicle Identification #:** 1G1YY36U575114072 | | **Vehicle Title #:** 770724121231970 | |
| | | **Vehicle Year:** 2007 | | **Title State:** GA | **Lic. Plate #:** BSY8474 |
| | | **Vehicle Make:** Chevrolet | | **Vehicle Color:** Silver | **Odometer:** 70994 |
| | | **Vehicle Model:** Corvette | | **# of Doors:** 2D | **# of Cylinders:** Unknown |
| **Pledgor:** Ivy Ty Landry 869 natchez valley trace grayson, GA 30017 **Date of Birth:** | | **Sex:** M **SSN:** \*\*\*-\*\*-7124 **Race:** Black / African American | **Co-Pledgor:** N/A **Date of Birth:** N/A | | **Sex:** **SSN:** **Race:** |
| **ID Number:** 049725659 | **Height:** 509 | **Weight:** 180 LBS | **ID Number:** | **Height:** | **Weight:** LBS |

In this Pawn Transaction Disclosure Statement and Security Agreement (this "*Agreement*"), "*you*," "*your*," "*pledgor*," and "*co-pledgor*" each means the Pledgor(s) identified above. "*Pawnbroker*," "*we*," "*us*," and "*our*" each mean TitleMax of Georgia, Inc. "*Pawn*" and "*Transaction*" mean the pawn transaction entered into between Pawnbroker and Pledgor hereunder. "*Vehicle*" means the motor vehicle described above. "*Title*" means the certificate of title for the Vehicle. Pawnbroker operates under Georgia law applicable to pawnbrokers, including, without limitation, O.G.C.A. § 44-12-130 *et seq.* and O.G.C.A. § 44-14-400 *et seq.*

> **This is a pawn transaction. Failure to make your payments as described in this document can result in the loss of the pawned item. The pawnbroker can sell or keep the item if you have not made all payments by the specified maturity date. Failure to make your payment as described in this document can result in the loss of your motor vehicle. The pawnbroker can also charge you certain fees if he or she actually repossesses the motor vehicle.**

### FEDERAL TRUTH-IN-LENDING DISCLOSURES

| **ANNUAL PERCENTAGE RATE** The cost of your credit as a yearly rate. 109.38 % | **FINANCE CHARGE** The dollar amount the credit will cost you. $897.50 | **Amount Financed** The amount of credit provided to you or on your behalf. $9,983.26 | **Total of Payments** The amount you will have paid after you have made all payments as scheduled. $10,880.76 |
|---|---|---|---|

**Payment Schedule:**    Your payment schedule will be:

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 1 | $10,880.76 | 08/04/2019 |

**Security:**    You are giving a security interest in the Vehicle described above.
**Lien Filing Fee:**    $0.00
**Prepayment:**    If you pay off early, you will not be entitled to a refund of part of the finance charge.
*See the remainder of this Agreement for additional information about non-payment, default, any required repayment in full before the scheduled date, and prepayment penalties.*

| Itemization of Amount Financed: | | |
|---|---|---|
| Amount given to you directly: | | $0.00 |
| Plus: Amount paid on my account (Transaction # '8537 ) | | $9,983.26 |
| Plus: Amount paid to public official for Lien Filing Fee | | $0.00 |
| Plus: Amount paid to others on your behalf: | | |
|     Payment to: N/A | | $0.00 |
|     Payment to: Equals: Amount Financed/ | | N/A |
| Principal Amount | | $9,983.26 |

1. **Pawn and Security Agreement; Lien Filing Fee; Possession of Title:** You promise to pay Pawnbroker, or to Pawnbroker's order, the principal sum of $9,983.26 plus a Pawnshop Charge in the amount of $897.50 with the total amount of $10,880.76 (being the amount to redeem the Vehicle) due and payable on 08/04/2019 (the "*Maturity Date*"). The Pawnshop Charge is further described in Section 2. You also promise to pay all other amounts that become due and payable under this Agreement. To secure Pledgor's obligations to Pawnbroker hereunder, Pledgor grants to Pawnbroker a security interest in the Vehicle and the Title, together with all Vehicle improvements, attachments, insurance proceeds and refunds and sale proceeds. You agree that Pawnbroker will record its security interest in the Vehicle by noting a lien on the Title. Pawnbroker charges the Lien Filing Fee identified above to register its lien on the Vehicle (which Lien Filing Fee will not exceed any fee actually charged by the appropriate state to register such lien and will only be charged if Pawnbroker actually registers such lien). Pawnbroker may file any documents and take any actions to ensure Pawnbroker's security interest in the Vehicle. If Pawnbroker asks, you will sign other documents and take other actions to support Pawnbroker's security interest. You agree that we shall hold the Title for the entire length of this Agreement.

2. **Pawnshop Charge:** The Pawnshop Charge for the initial 30-day period of the Pawn Transaction is 8.9900 % of the principal amount advanced, with a minimum Pawnshop Charge of $10.00 for such period. The Pawnshop Charge shall be deemed earned, due, and owing as of the Pawn Date. If this Agreement is continued and extended as provided in Section 4, the Pawnshop Charge for the first two extension periods will be 8.9900 % of the principal amount outstanding, with a minimum Pawnshop Charge of $10.00 for such period. For extensions that continue the Pawn beyond the first three 30-day periods, the Pawnshop Charge for each subsequent 30-day period will not exceed 12.5% of the principal amount outstanding, with a minimum Pawnshop Charge of $5.00 for each such period.

The Annual Percentage Rate ("*APR*") for the initial 30-day period of this Pawn, and each of the first two renewal periods thereafter, is 109.38 %, and the amount to redeem the Vehicle during each such period is $10,880.76 . The foregoing APR and redemption amount are calculated assuming that the principal of the Pawn will not be increased or decreased after the Pawn Date and that you will pay all Pawnshop Charges in full and on time. After the first three 30-day terms of this Pawn, for each subsequent 30-day term, assuming that the principal of the Pawn will not be increased or decreased after the Pawn Date, that you will pay all Pawnshop Charges in full and on time, and that the periodic Pawnshop Charge is equal to 8.9900 % of the principal amount advanced, the APR for each 30-day term is 109.38 % and the amount to redeem the Vehicle during each such period is $10,880.76 . If you pay any amount to reduce the principal amount of the Pawn or borrow additional funds and sign a new Agreement, the foregoing disclosures no longer apply.

3. **Right to Cancel;** You may cancel this Agreement by returning the check by which we disbursed the Pawn proceeds to you or an equivalent amount of cash to us by the close of business on the business day following the date of this Agreement. If you timely cancel by returning the proceeds, we will credit the Pawnshop Charge earned and any Lien Filing Fee assessed when you signed this Agreement and cancel the Pawn.

4. **Prepayment, Payments, and Application of Payments; Redemption:** You may prepay in full at any time without additional charge, fee or penalty. If you prepay the Pawn in full, then you will not be entitled to a rebate and/or refund of any part of the Pawnshop Charge for this Pawn.

Pawnbroker accepts payments by cash, cashier's check, money order, debit card or other method specified by Pawnbroker from time to time. If we are not open on a payment due date, we will treat payments made on the next business day as timely made. The truth-in-lending disclosures provided above assume that you will pay all amounts owing hereunder on the Maturity Date. We apply payments first to the outstanding Pawnshop Charge and then to principal.

You have the exclusive right to redeem the Vehicle and Title by repaying the Pawn in full and complying with this Agreement. Upon the payment in full of all amounts owing hereunder, we will release the security interest in the Vehicle and return the Title to you unless the Vehicle and/or the Title have been taken into custody by a court or by a law enforcement office or agency. Any person presenting proper identification as Pledgor and this Agreement to Pawnbroker shall be presumed to be the Pledgor and shall be entitled to redeem the Vehicle and Title pledged hereunder.

5. **Initial Term; Extension and Continuation:** The initial term of the Pawn is 30 days, and the Pawn may be extended and continued for additional 30-day periods with the agreement of Pledgor and Pawnbroker. We may agree to

extend the Maturity Date in our discretion. As a condition to extending the Maturity Date, for the initial extension and each subsequent extension, you must pay an amount equal to the then outstanding Pawnshop Charge (including any charges accrued after the Maturity Date, as described in Section 7 below), and (b) satisfy Pawnbroker's applicable criteria for extensions. If you do not request additional funds as part of your extension request, then the original Pawn will be continued and the Maturity Date will be extended. If you request additional funds as part of your extension request, then you will be required to enter into a new Pawn Transaction Disclosure Statement and Security Agreement. This Agreement remains in full force and effect during any extension and continuation.

   **6.    Non-Recourse:** This Pawn is non-recourse to you. You shall have no obligation to redeem the Vehicle or make any payment on this Pawn. Nothing in this Agreement gives us any recourse against you personally other than our right to take possession of the Vehicle upon your default, and to sell or otherwise dispose of the Vehicle in accordance with Georgia law.

   **7.    Default and Grace Period; Additional Charges:** If you choose not to redeem the Vehicle on or before the Maturity Date or extend the Maturity Date as provided in Section 5, then you will be in default. Upon default, Pawnbroker may take possession of the Vehicle. You will have a grace period of 30 calendar days following the Maturity Date (as extended) to redeem this Pawn. If the last day of the grace period falls on a non-business day, the grace period will extend to the next business day. During any such grace period, Pawnbroker will not sell the Vehicle. The Vehicle and Title may be redeemed within the grace period by the payment of any unpaid accrued Pawnshop Charges and fees (including, if applicable, the fees described in Section 8), the repayment of the principal, and the payment of an additional interest charge not to exceed 12.5 percent of the principal. To redeem the Vehicle and Title in the grace period immediately following the Maturity Date specified above, you must pay a redemption amount of  $12,377.25  . You must contact Pawnbroker to obtain the amount to redeem the Vehicle and Title during a grace period that follows an extended maturity date. If the Vehicle and Title are not redeemed within the grace period, Pledgor's ownership interest in the Vehicle and Title are automatically extinguished, and the Vehicle and Title become the property of Pawnbroker.

   **8.    Recovery and Costs of Recovery; Sale of the Vehicle:** Following default, we or our agent may take possession of the Vehicle with judicial process or without judicial process, if doing so without judicial process can be done without breaching the peace. You agree to pay any recovery fee we incur if we or our recovery vendor recovers the Vehicle after default. The amount of the recovery fee is based on the distance traveled to recover the Vehicle, as follows: (a) $50.00, if the Vehicle is recovered within 50 miles of the Pawnbroker location identified above; (b) $100.00, if the Vehicle is recovered within 51 to 100 miles of the Pawnbroker location identified above; (c) $150.00 if the Vehicle is recovered within 101 to 300 miles of the Pawnbroker location identified above; and (d) $250.00 if the Vehicle is recovered beyond 300 miles of the Pawnbroker location identified above. You also agree to pay a storage fee for a recovered Vehicle not to exceed $5.00 per day for each day that the Vehicle is actually stored. We may not charge a storage fee unless we recover the Vehicle after default. If there are personal possessions in the Vehicle that you request to be shipped to you, you agree to pay the actual shipping costs incurred by Pawnbroker plus a handling fee equal to no more than 50 percent of the actual costs to ship such items.

   **9.    Lost or Destroyed Agreement:** If this Agreement is lost or destroyed, Pledgor must notify Pawnbroker in writing, and receipt of such notice shall invalidate this Agreement if the Vehicle and Title have not previously been redeemed. Before delivering the Vehicle and Title or issuing a new Agreement, Pledgor must make a statement of the loss or destruction of the Agreement, which Pawnbroker will record. We may impose a $2.00 fee in connection with each lost or destroyed Agreement.

   **10.    Waivers:** If Pawnbroker delays or does not enforce it rights every time, Pawnbroker can still do so later. Pawnbroker need not sue, arbitrate or show diligence in collecting against you or others. Pawnbroker may sue or arbitrate with a person without joining or suing others. Pawnbroker may release or modify a person's liability without changing other persons' liability.

   **11.    Communications:** Send all communications to Pawnbroker, including bankruptcy notices, to TitleMax of Georgia, Inc., Legal Department, P.O. Box 8323, Savannah, Georgia 31412 (the "*Notice Address*"). Send all notices to Pledgor to the address above or any other address you give to Pawnbroker in writing ("*Pledgor Address*"). If you believe that you have been the victim of identity theft in connection with your Pawn, write to us at the Notice Address. In your letter: (a) provide your name and Pawn transaction number; and (b) submit an identity theft affidavit or identity theft report. You may contact customer service at  1-800-804-5368  .

   **12.    Notice and Cure:** Before suing or starting arbitration about (i) Pledgor's credit application, (ii) this Agreement, (iii) the Vehicle, or (iv) the Pawn, each party agrees to do all of the following:

   a.    The party filing the dispute (the "*Claimant*") must tell all other parties (the "*Defending Party*") of the dispute (the "*Dispute Notice*"). Each Dispute Notice must describe the nature of the claim and relief requested. Each Dispute Notice must be written and, except for Pawnbroker collections letters, must give at least 30 days to solve the dispute.

   b.    Claimant must mail Dispute Notices to the Notice Address for Pawnbroker and the Pledgor Address for Pledgor. Dispute Notices to Pawnbroker must include the Pawn transaction number and Pledgor's mailing address and phone number.

c. If Defending Party asks for more information about the dispute, Claimant must give it.

**13. Reporting to Credit Bureaus:** Pawnbroker may report information about this Pawn to credit bureaus. Your credit report may reflect late payments, missed payments or other defaults on your account.

**14. Important Information About Opening Accounts:** To help fight terrorism and money laundering, Pawnbroker must identify each person who opens an account. You must give Pawnbroker your name, address, date of birth and other requested information and documents, such as your driver's license.

**15. Telephone Recording:** Pawnbroker may monitor and record any phone conversation Pawnbroker and you have.

**16. Severability:** Invalid terms hereof will be changed to comply with law. Such change will not affect any other term hereof. If a class action suit or class-wide arbitration is allowed, either party may require that a judge (with no jury) hear the dispute. Such judge will apply relevant court rules and procedures.

**17. Successors and Assigns:** This Agreement binds your heirs, successors and assigns and Pawnbroker's successors and assigns. Pawnbroker may assign all of its rights hereunder. Following any assignment by Pawnbroker, the Pawn remains in full force and effect and due and payable in accordance with its terms. Pledgor may not assign its rights hereunder without Pawnbroker's written consent.

**18. Governing Law:** This Agreement and the Pawn involve interstate commerce. Georgia law governs this Agreement, but the Federal Arbitration Act governs the Waiver of Jury Trial and Arbitration Clause in Section 20.

**19. JURY TRIAL WAIVER: YOU AND WE ACKNOWLEDGE THAT THE RIGHT TO TRIAL BY JURY IS A CONSTITUTIONAL RIGHT. THIS RIGHT MAY BE WAIVED UNDER CERTAIN CONDITIONS AS ALLOWED BY LAW. YOU AND WE KNOWINGLY AND VOLUNTARILY WAIVE ANY RIGHT TO TRIAL BY JURY IN THE EVENT OF LITIGATION ARISING OUT OF OR RELATED DIRECTLY OR INDIRECTLY TO EACH OF THE FOLLOWING: (A) THIS AGREEMENT; AND (B) THE PAWN THAT IS THE SUBJECT OF THIS AGREEMENT. THIS JURY TRIAL WAIVER WILL NOT CHANGE ANY ARBITRATION CLAUSE TO WHICH YOU AND WE ARE SUBJECT, WHICH CONTAINS ITS OWN SEPARATE JURY TRIAL WAIVER.**

**20. WAIVER OF JURY TRIAL AND ARBITRATION CLAUSE:** By signing below, you agree to this Waiver of Jury Trial and Arbitration Clause ("*Clause*"). We have drafted this Clause in question and answer form so it is easier to understand. This Clause is part of this Agreement and is legally binding.

| BACKGROUND AND SCOPE | | |
|---|---|---|
| **Question** | **Short Answer** | **Further Detail** |
| **What is a Dispute?** | A disagreement | In this Clause, "*Dispute*" has a broad meaning. "*Dispute*" includes all claims and disagreements related to your application, this Agreement, the Vehicle, the Transaction, or your relationship with Pawnbroker. It includes claims and disagreements about any prior applications and agreements. It includes extensions, renewals, refinancings, and payment plans. It includes claims related to collections, privacy, and customer information. It includes claims and disagreements that usually would be resolved in court. "*Dispute*" also includes claims and disagreements you have with Related Parties. |
| **Who is a "*Related Party*"?** | Usually a person or company related to Pawnbroker | "*Related Parties*" are Pawnbroker's affiliates. They also are employees, directors, officers, shareholders, members, and representatives of Pawnbroker and its affiliates. "*Related Parties*" also means any person or company involved in a Dispute you pursue while you pursue a Dispute with Pawnbroker (like a repossession company). |
| **What is arbitration?** | An alternative to court | In arbitration, a third party arbitrator ("*TPA*") solves Disputes in a hearing ("*hearing*"). It is less formal than a court case. |
| **Is it different from court and jury trials?** | Yes | The hearing is private. There is no jury. It is usually less formal, faster, and less costly than a lawsuit. Pre-hearing fact finding is limited. Appeals are limited. Courts rarely overturn arbitration awards. |
| **Is it confidential?** | Yes, it can be | Pawnbroker or you can ask that arbitration be confidential. That means things people say, and documents and information disclosed as part of the arbitration, will be used only for the arbitration and will not be shared with anyone who is not part of the arbitration. That also means that people involved in the arbitration may be asked to sign a separate confidentiality agreement. Confidential information may be used to appeal or enforce an arbitration award. |

| | | |
|---|---|---|
| Can you opt-out of this Clause? | Yes, within 60 days | If you do not want this Clause to apply, you have 60 days from the Transaction Date to opt out. To opt out, you must tell Pawnbroker by a writing you send to the Notice Address. You must give your name, address, Transaction number and Transaction Date and state that you "opt out" of this Clause. You may not send your notice electronically. |
| What is this Clause about? | This is an agreement to arbitrate Disputes | Pawnbroker and you agree that any party may demand arbitration of or arbitrate any Dispute unless you opt out or the law does not allow it. |
| Who does the Clause cover? | Pawnbroker and you | This Clause covers Pawnbroker and you. This Clause also applies if you have a Dispute with a Related Party related in some way to your application, this Agreement, the Vehicle, the Pawn, or your dealings with Pawnbroker. Related Parties are not bound by this Clause. You may not compel a Related Party to arbitration. A Related Party may compel you to arbitrate Disputes covered by this Clause. |
| What Disputes does the Clause cover? | Most Disputes that would normally go to court (except certain Disputes about this Clause) | This Clause covers Disputes involving you and Pawnbroker (or a Related Party). This Clause does not cover disputes about the validity, coverage, or scope of this Clause or any part of this Clause. These are for a court to decide, not the TPA. Also, this Clause does not cover cases you file to stop Pawnbroker from taking or selling the Vehicle. |
| Who handles the arbitration? | A Third Party Arbitrator | Arbitrations must be conducted under this Clause. The TPA will be one of the following:<br>• An individual, independent TPA the parties choose together;<br>• JAMS, 620 Eighth Avenue, 34th Floor, New York, NY 10018, www.jamsadr.org; or<br>• Any other arbitration company the parties choose together.<br>**No arbitration may be held without Pawnbroker's consent by an arbitration company or TPA that would allow class arbitration under this Clause.** Unless Pawnbroker and you agree otherwise, the TPA must be a lawyer with 10+ years of experience or a retired judge. |
| What rules apply to the arbitration? | Usually, the arbitration company rules | If the parties use an arbitration company such as JAMS, that company's consumer arbitration rules will apply. If the parties chose an individual TPA, then such TPA will follow the JAMS consumer arbitration rules, unless the parties mutually agree to an alternative. In any case, the TPA will not apply any state or federal rules of civil procedure or evidence. Arbitration rules that conflict with this Clause do not apply. |
| Can Disputes be brought to court? | Sometimes | Either party may sue if the other party does not demand arbitration. Pawnbroker will not demand arbitration of any lawsuit you bring for yourself in small claims court. But, Pawnbroker may demand arbitration of any appealed small claims decision or any small claims action brought as a class. |
| Are you giving up any rights? | Yes | For Disputes subject to this Clause, you give up your right to:<br>1. **Have a jury decide Disputes.**<br>2. **Have a court other than a small claims court decide Disputes.**<br>3. **Serve as a private attorney general or in a representative capacity.**<br>4. **Join a Dispute you have with a dispute by other consumers.**<br>5. **Bring or be a class member in a class action or class arbitration.**<br>**Pawnbroker also waives its jury trial right and its right to have a court decide Disputes Pawnbroker starts.** |
| Can you or anyone else start class arbitration? | No | TPAs may not handle a class or representative Dispute. All Disputes under this Clause must be arbitrated or decided by individual small claims case. This Clause will be void if a court allows a TPA to decide a Dispute on a class basis and such ruling is not reversed on appeal. |

| What law applies? | The Federal Arbitration Act ("*FAA*") | The FAA governs this Clause. The TPA must apply law consistent with the FAA. The TPA must honor statutes of limitation and privilege rights. Constitutional standards that apply in court proceedings govern punitive damage awards. |
|---|---|---|
| Will anything you do negate this Clause? | No, though you can opt out | This Clause stays in force if you: (1) cancel the Pawn; (2) default, renew, prepay or pay the Pawn in full; or (3) go into bankruptcy. You can opt out as described above. |
| **PROCESS** | | |
| **Question** | **Short Answer** | **Further Detail** |
| What must be done before starting a lawsuit or arbitration? | Send a written Dispute Notice and work to resolve the Dispute | Before starting a lawsuit or arbitration, Claimant must give a Dispute Notice as Section 12 above requires. If you are the Claimant, you or your attorney must sign the Dispute Notice. You must give the Pawn number and a contact number for you or your attorney. Collections letters from Pawnbroker are Dispute Notices. Each Dispute Notice (other than collections letters), must give at least 30 days to settle the dispute. |
| How does arbitration start? | Following the rules of the arbitration company | If the parties do not settle the Dispute within the 30-day period, Claimant may file a small claims case or start arbitration. To start arbitration, the Claimant picks the arbitration company. If one party sues or threatens to sue, the other party can demand arbitration. This demand can be made in court papers. It can be made if a party sues on an individual basis and then tries to pursue a class action. Once an arbitration demand is made, no suit can be brought and any current suit must stop. |
| Will any hearing be held nearby? | Yes | Any in-person hearing must be at a place convenient to you. The TPA may decide that an in-person hearing is not needed. A Dispute may be resolved in writing and by conference call. |
| What if you need an accommodation for a disability or due to language? | Pawnbroker shall work with you on accommodations | If you require assistance in a language other than English, or special services to accommodate a disability, Pawnbroker and you shall agree to proceed in a way that accommodates your needs. |
| What about appeals? | Very limited | The FAA limits appeal rights. For Disputes over $50,000, any party may appeal the award to a panel of three TPAs. The arbitration company or the parties choose the panel. This panel will review anything appealed in the initial award. The panel's decision will be final, except for any FAA appeal right. Any suitable court may enter judgment upon the TPA panel's award. |
| **ARBITRATION FEES AND AWARDS** | | |
| **Question** | **Short Answer** | **Further Detail** |
| Who pays fees of arbitration? | Usually, Pawnbroker does | Pawnbroker will pay all filing, hearing and TPA fees if you act in good faith, you cannot get a fee waiver and you ask Pawnbroker to pay. |
| When will Pawnbroker cover your legal fees and costs? | If you win | If the TPA finds for you, Pawnbroker will pay your reasonable fees and costs for attorneys, experts, and witnesses. Pawnbroker also will pay these costs if the law or the TPA rules require or if required to enforce this Clause. Even if your Dispute is for a small amount, the TPA will not limit the award of such costs. |
| Will you ever owe Pawnbroker for fees? | If you act in bad faith | The TPA can make you pay Pawnbroker's arbitration, attorney, expert and witness fees if it finds that you have acted in bad faith (per the Federal Rules of Civil Procedure § 11(b) standard). This power does not void this Clause. |
| Can a failure to resolve a Dispute informally mean a larger recovery for you? | Yes | If Pledgor wins the arbitration, Pledgor may be entitled to a minimum award of $7,500. To get the minimum award, you first must comply with this Clause. Secondly, the TPA must award money damages to you in an amount that is greater than the last amount you asked for in settlement, if you asked for such amount at least ten days before arbitration began. The base award is separate from attorneys' fees |

|  |  |  |
|---|---|---|
|  |  | and expenses, and expert witness costs which you may get. The minimum award applies to all Disputes you raise or could raise. This Clause does not allow multiple awards of $7,500. Settlement demands and offers are confidential. They may not be used in any way by either party except to support a minimum award. |
| **Can an award be explained?** | Yes | Within 14 days of the ruling, a party may ask the TPA to explain its ruling. Upon such request, the TPA will explain the ruling in writing. |

21. **Pledgor Acknowledgments and Representations:** By signing this Agreement, Pledgor represents, warrants, acknowledges and agrees as follows:

    a. All information you gave to Pawnbroker in your application is true, complete and correct.
    b. The Vehicle is not stolen and it has no liens or encumbrances against it.
    c. You are a rightful owner of the Vehicle.
    d. You have inspected the Vehicle, and it is in good repair and condition.
    e. You will not apply for a duplicate certificate of title while this Agreement is in effect.
    f. You have received an exact copy of this fully completed Agreement. This Agreement was filled in before you signed it.
    g. You have read, understand and agree to this entire Agreement, including the Waiver of Jury Trial and Arbitration Clause in Section 20. You may opt out of arbitration as described in Section 20. If you do not timely opt out of arbitration, your right to sue Pawnbroker is limited.
    h. You are 18 years of age or older. You are not intoxicated. You have full legal authority and capacity to sign this Agreement.
    i. You have received Pawnbroker's Privacy Policy.
    j. You are not a debtor in bankruptcy. You do not intend to file a federal bankruptcy petition.
    k. YOU ARE NOT a regular or reserve member of the Army, Navy, Marine Corps, Air Force, or Coast Guard, serving on active duty under a call or order that does not specify a period of 30 days or fewer (or a dependent of such a member).
    l. You are liable for Vehicle damage and loss. You hold Pawnbroker harmless for all claims and costs arising from your using the Vehicle, including all judgments, attorneys' fees, court costs and expenses.

22. **Entire Agreement:** This Agreement is the only agreement between Pawnbroker and Pledgor for this Pawn. Pawnbroker and Pledgor have no oral agreements about this Pawn. Pawnbroker and Pledgor may change this Agreement only by a writing signed by all of the undersigned.

**PLEDGOR:**
Ivy Ty Landry
DocuSigned by:
*Ivy Landry*
—0F97BCAFA463416...
Pledgor Signature        7/5/2019
                         Date

**CO-PLEDGOR:**
N/A

Co-Pledgor Signature      Date

By signing this Agreement, Pawnbroker agrees to be bound by this Agreement, including the Waiver of Jury Trial and Arbitration Clause.

**PAWNBROKER:**
**TitleMax of Georgia, Inc.**

By: *[signature]*
Duly Authorized

**THIS DOCUMENT IS SUBJECT TO A SECURITY INTEREST IN FAVOR OF, AND PLEDGED AS COLLATERAL TO, CORTLAND CAPITAL MARKET SERVICES LLC AND WELLS FARGO BANK, NATIONAL ASSOCIATION, EACH AS COLLATERAL AGENT.**

## DDI Technology
## Premier eTitleLien®

### Electronic Title Copy

| Vehicle ID Number | Year | Make | Model | Body Style | Lic Plate | Reg Exp |
|---|---|---|---|---|---|---|
| 1G1YY36U575114072 | 2007 | CHEV | | | | |

| Weight | New/Used | Title Number | Odometer | State | Date Issued |
|---|---|---|---|---|---|
| | | 7744321721630016 | | GA | 08-10-2017 |

**Full Name of Owner(s)**
IVY TY LANDRY
669 NATCHEZ VALLEY TRCE
GRAYSON, GA 300174963

**Liens(s)**
TITLEMAX OF GEORGIA INC D/B/A
TITLEMAX
[2028 SCENIC HWY
SNELLVILLE, GA 30078]*

Lien Date:
ELT Number: 001101892068
LTN: LTN170810-2

* Information has been supplied by the lienholder, not the state titling agency.

Document ID: TG7JFIOVLB

**THIS IS NOT A TITLE**
This is an official Premier eTitleLien® Report
generated by a customer of DDI Technology.


DDI Technology

# EXHIBIT B

## Ivy Landry (******7124)

### Loan Detail

[View all Loans]

| | | | | |
|---|---|---|---|---|
| **Loan ID:** | 9582 | **Balance:** $11,000.43 | **Pmt Account:** N/A | **Originated:** 07/05/2019 |
| **Model:** | GA Pawn 30 | **Principal:** $9,983.26 | **# of Pmts:** 1 | **Due Date:** 08/04/2019 |
| **Status:** | Bankrupt | **Fees:** $1,017.17 | **Pawn Ticket:** 1093168 | **Late:** 82 Days Late |
| **Sub-Status:** | Chapter 7 | **Earned Principal:** $9,983.26 | **LF Orig Store:** | **Last Full Payment:** N/A |
| **Store:** | 21242 TITLEMAX OF SNELLVILLE, GA #2 | **Earned Fees:** $1,795.00 | | **Recent:** N/A |
| **Parent Loan ID:** | ---- 8537 | **Expired Fees:** $897.50 | | |
| **Assigned Collector:** | N/A | | | |

### Fees

| Fee Name | |
|---|---|
| Pawnshop Charge $4000.00-$10100.00 | 8.990% |
| Expired Fees | 8.990% |

History | Contracts & Receipts | Notes | Letters & Documents

### Transaction History

[ Transaction Detail ]

| Date | Type | Prin | Fee | Discount | Change | Total | Balance |
|---|---|---|---|---|---|---|---|
| 07/05/2019 | New Loan | $9,983.26 | $0.00 | $0.00 | $0.00 | $9,983.26 | $9,983.26 |
| 07/05/2019 | Paid on Account | $0.00 | $0.00 | $0.00 | $0.00 | $9,983.26 | $9,983.26 |
| 07/05/2019 | New Pledge Fee - Pawnshop Charge | $0.00 | $897.50 | $0.00 | $0.00 | $897.50 | $10,880.76 |
| 08/08/2019 | Interest - Expired Fee | $0.00 | $119.67 | $0.00 | $0.00 | $119.67 | $11,000.43 |
| 08/08/2019 | Suspend Interest | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $11,000.43 |
| 08/08/2019 | Bankrupt | $0.00 | $0.00 | $0.00 | $0.00 | $11,000.43 | $11,000.43 |
| 08/08/2019 | Resume Interest | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $11,000.43 |
| 08/08/2019 | Dismiss Bankruptcy | $0.00 | $0.00 | $0.00 | $0.00 | $11,000.43 | $11,000.43 |
| 08/08/2019 | Bankrupt | $0.00 | $0.00 | $0.00 | $0.00 | $11,000.43 | $11,000.43 |

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: IVY TY LANDRY, | ) | CHAPTER 13 |
| | ) | |
| Debtor, | ) | CASE NO. 19-62147-LRC |

| | | |
|---|---|---|
| TITLEMAX OF GEORGIA, INC., | ) | |
| | ) | |
| Movant, | ) | JUDGE RITCHEY CRAIG |
| | ) | |
| vs. | ) | CONTESTED MATTER |
| | ) | |
| IVY TY LANDRY | ) | |
| and MELISSA J. DAVEY, Trustee, | ) | |
| | ) | |
| Respondents. | ) | |

## NOTICE OF HEARING

PLEASE TAKE NOTICE that TitleMax of Georgia, Inc. ("Movant") has filed a Motion for Relief from Automatic Stay and related papers with the Court seeking an order: (i) granting the Motion; (ii) terminating the stay imposed by 11 U.S.C. § 362 and Fed. R. Bankr. P. 4001(a)(3) so that Movant may exercise all rights and remedies against the Vehicle under the agreement; and (iii) granting Movant such other and further relief the Court deems just and proper.

PLEASE TAKE FURTHER NOTICE that the Court will hold a hearing on the Motion in Courtroom 1204, United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, Georgia, at 1:15 P.M. on November 19, 2019.

Your rights may be affected by the court's ruling on these pleadings. You should read these pleadings carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.) If you do not want the court to grant the relief sought in these pleadings or if you want the court to consider your views, then you and/or your attorney must attend the hearing. You may also file a written response to the pleading with the Clerk at the address stated below, but you are not required to do so. If you file a written response, you must attach a certificate stating when, how and on whom (including addresses) you served the response. Mail or deliver your response so that it is received by the Clerk at least two business days before the hearing. The address of the Clerk's Office is Clerk, U. S. Bankruptcy Court, Suite 1340, 75 Ted Turner Drive, Atlanta Georgia 30303. You must also mail a copy of your response to the undersigned at the address stated below.

If a hearing on the motion for relief from the automatic stay cannot be held within thirty (30) days, Movant waives the requirement for holding a preliminary hearing within thirty days of filing the motion and agrees to a hearing on the earliest possible date. Movant consents to the automatic stay remaining in effect until the Court orders otherwise.

    This the 1st day of November, 2019.

                                    THE BOWEN LAW GROUP

                                    /s/ Charles J. Bowen
                                  CHARLES J. BOWEN

7 East Congress Street                Georgia State Bar No. 071115
Suite 1001                                   *Attorney for Movant*
Savannah, GA  31401
(912) 544-2050
(912) 544-2070 (fax)
*cbowen@thebowenlawgroup.com*

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: IVY TY LANDRY, | ) | CHAPTER 13 |
| | ) | |
| Debtor, | ) | CASE NO. 19-62147-LRC |

| | | |
|---|---|---|
| TITLEMAX OF GEORGIA, INC., | ) | |
| | ) | |
| Movant, | ) | JUDGE RITCHEY CRAIG |
| | ) | |
| vs. | ) | CONTESTED MATTER |
| | ) | |
| IVY TY LANDRY | ) | |
| and MELISSA J. DAVEY, Trustee, | ) | |
| | ) | |
| Respondents. | ) | |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the following parties in this matter with a copy of the within and foregoing **Motion for Relief from Automatic Stay** and **Notice of Hearing** by depositing a true and correct copy in the U.S. Mail with sufficient postage affixed thereto and properly addressed or served electronically via the Court's CM/ECF system to the parties listed below:

Ivy Ty Landry
P.O. Box 1275
Grayson, GA 30017

Melissa J. Davey, Standing Ch. 13 Trustee
Suite 200
260 Peachtree Street, NW
Atlanta, GA 30303

Office of the U.S. Trustee
Ustpregion21.sv.ecf@usdoj.gov

This the 1st day of November, 2019.

THE BOWEN LAW GROUP

/s/ Charles J. Bowen
CHARLES J. BOWEN
Georgia State Bar No. 071115
*Attorney for Movant*

7 East Congress Street
Suite 1001
Savannah, GA 31401
(912) 544-2050
(912) 544-2070 (fax)
*cbowen@thebowenlawgroup.com*